```
 1  Bingham McCutchen LLP
    BETH H. PARKER (SBN 104773)
 2  DAVID P. CHIAPPETTA (SBN 172099)
    Three Embarcadero Center
 3  San Francisco, CA 94111-4067
    Telephone: (415) 393-2000
 4  Facsimile: (415) 393-2286

 5  Baker Botts L.L.P.
    DOREEN L. COSTA (Pro hac vice admission pending)
 6  PAUL J. REILLY (Pro hac vice admission pending)
    MASAHIRO NODA (Pro hac vice admission pending)
 7  30 Rockefeller Plaza
    New York, New York 10112
 8  Telephone: (212) 408-2500
    Facsimile: (212) 408-2501
 9
    Attorneys for DELL INC.
10
```

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL INC., | Civil Action No. C 06 0049 WDB |
| Plaintiff, | CONSENT JUDGMENT |
| v. | |
| AMERICAN MOTOR LINES, INC., JAMES C. KASEY, XYZ COMPANY NOS. 1-25 and JOHN/JANE DOES 1-25, | |
| Defendants. | |

Plaintiff, Dell Inc. ("Dell"), having filed Complaint Civil Action No. SACV 03-1777 against Defendants, American Motor Lines, Inc., James C. Kasey, XYZ Company Nos. 1-25 and John/Jane Does 1-25 (collectively referred to herein as "Defendants"), alleging claims for trademark counterfeiting, intentional trademark infringement, unfair competition, false designation of origin, false or misleading description or representation of fact, fraud and other related claims and violations of several California state statues, and Plaintiff, having agreed upon a resolution of this matter with Defendants prior to a trial on the merits, Plaintiff and Defendants,

American Motor Lines, Inc. and James C. Kasey, , hereby consent to the entry of judgment in favor of Plaintiff and against said Defendants, as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Dell has used the trade name, trademark and service mark DELL and variants thereof since as early as November, 1987 and continuing to the present in connection with computer hardware, software, and peripherals as well as related goods and services.

3. Dell is the owner of the trademark DELL and variants thereof and has registered such marks in the United States Patent and Trademark Office as follows:

| Mark | Registration No. | Issue Date | Goods |
|---|---|---|---|
| DELL | 1,616,571 | October 9, 1990 | computers and computer peripherals, namely monitors, keyboards, printers, mice, co-processors, modems, hard and floppy disk drives, tape drives, cards and memory add-ons, memory boards and chips, cables and connectors, operating software and instruction manuals sold together as a unit. |
| DELL (slanted "E" logo design) | 1,860,272 | October 25, 1994 | computers and parts thereof |
| DELL | 2,817,366 | February 24, 2004 | computers, computer peripheral devices and parts and fittings therefor; monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM drives, DVD-drives, electronically encoded or magnetically encoded cards |

| Mark | Registration No. | Issue Date | Goods |
|---|---|---|---|
| | | | and memory add ons, memory boards and chips, cables and connectors, all for use with computers; computer operating software; electronic computer manuals sold as a unit |
| DELL DIMENSION | 2,030,084 | January 14, 1997 | computers and computer peripherals, namely monitors, keyboards, printers, mice, co-processors, modems, hard and floppy disk drives, tape drives, cards and memory add-ons, memory boards and chips, cables and connectors, operating software and instruction manuals sold together as a unit. |
| DELL PRECISION | 2,284,782 | October 12, 1999 | computers, computer peripheral devices and parts and fittings therefor; monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, cd-rom drives, data storage units, and electronic or magnetic cards and memory add ons, memory boards and chips, cables and connectors, all for use with computers. |
| DELL | 2,236,785 | April 6, 1999 | custom manufacture of computers for others |
| WWW.DELL.COM | 2,390,851 | October 3, 2000 | computers, computer peripheral devices, namely, monitors, keyboards, printers, mouses, co-processors, modems, hard and floppy disk drives, tape drives, CD-ROM Drives, DVD drives, electronic or magnetic cards for memory add-on and memory boards and chips, data storage units, namely, fibre channel drives and SCSI (small computer system interface) drives, cables and connectors, parts and |

| Mark | Registration No. | Issue Date | Goods |
|---|---|---|---|
| | | | fittings for all of the above, all for use with computers; computer operating software and instruction manuals all sold together as a unit. |
| DELL TALK | 2,358,613 | June 13, 2000 | providing on-line chat rooms and bulletin boards for the transmission of messages among computer users concerning computer hardware and software issues and problems |
| DELL4ME | 2,425,829 | January 30, 2001 | providing multiple-user access to a global computer information network; technical support services, namely, customer assistance and troubleshooting of computer hardware and software problems via telephone and global computer network |
| DELL FINANCIAL SERVICES | 2,333,902 | March 21, 2000 | leasing of computers |

4. Each such registration is currently valid, subsisting and in full force and effect, and is registered on the Principal Trademark Register of the United States Patent and Trademark Office. Registration Nos. 1,616,571, and 1,860,272 for DELL and 2,030,084 for DELL DIMENSION are incontestable pursuant to 15 U.S.C. § 1065.

5. Dell's name, trademarks and service marks are inherently distinctive, enjoy enormous secondary meaning and are strong and famous marks entitled to the broadest possible scope of protection.

6. Since at least as early as 1987, Dell has manufactured, advertised, promoted, offered for sale and sold computer systems, parts and accessories bearing the mark DELL.

7.   Defendants have, without authorization from Dell, misappropriated the names and addresses of certain purchasers of DELL computer systems and issued and sent to such purchasers false invoices bearing the federally registered trademark, DELL. Defendants' invoices required payment for allegedly shipping DELL products to purchasers on Dell's behalf. Defendants identified in their invoices the "Shipper" of the goods as "Dell USA, Dept. LA 23345, Pasadena, CA," the "Consignee" as the Dell customer, and the "Carrier" as "American Motor Lines, Inc." The department and address used to identify Dell in Defendants' invoices are invalid. In fact, Defendants are not and have never been authorized by Dell to ship products to its customers. Dell has no connection or affiliation whatsoever with Defendants or their alleged shipping services, and Defendants did not ship any DELL products to consumers or render any of the services described in Defendants' invoices.

8.   The unauthorized use of Dell's name and marks by Defendants was misleading and fraudulent deceived recipients of the invoices into believing falsely that Defendants are affiliated with Dell, that Defendants' invoices are from Dell, and that shipping services were in fact rendered by Defendants and were endorsed or sponsored by Dell.

9.   Defendants, American Motor Lines, Inc. and James C. Kasey, their respective officers, agents, servants, employees and representatives and all other persons, firms or corporations in active concert or participation with them are permanently enjoined and restrained worldwide from:

(a)   sending invoices to purchasers of DELL products for shipping services or for any other products or services which were not provided or rendered by Defendants, or were not authorized or approved by Dell;

(b) using a trade name, trademark or service mark containing the name or trademark DELL or any variant of DELL, or any other name or mark owned by Dell, in a manner which constitutes a counterfeit of Dell's marks or which is likely to confuse consumers as to the source or sponsorship of Defendants' invoices, business, products or services; and

(c) making any false or misleading representation of fact concerning Defendants' services or affiliation with Dell, including, but not limited to, representing falsely that Defendants have shipped DELL products or rendered any services on behalf of Dell.

10. Defendants shall provide to Dell prior to the execution of this Consent Judgment a complete description of the manner in which Defendants obtained information concerning Dell's customers and all other information used in the creation and dissemination of their false invoices, including, but not limited to, the identification of any and all third parties involved in any manner, wittingly or unwittingly, in the wrongdoing described in the Complaint in this action.

11. In the event that Defendants breach any material term or condition of this Consent Judgment, Dell shall recover $25,000 in liquidated damages for past infringement and shall have the right to pursue its complete legal remedies for contempt of this Consent Judgment and for any future infringement, false representation, fraud or other wrongdoing, including, but not limited to an injunction, damages, profits, punitive damages, statutory damages, attorneys' fees and costs.

12. Dell agrees that if Defendants comply with the terms of the Consent Judgment, it will not seek any of the damages or remedies set forth in paragraph 11. The parties do not intend that the liquidated damages figure in the previous paragraph be included in any calculation in

federal criminal court under the United States Sentencing Guidelines.

SO AGREED AND STIPULATED:

Dated: 6/30/06

Dated: 7/14/06

Dated: 6/21/06

Respectfully submitted,

DELL INC.

By: *[signature]*
Name: Daniel J. Noonan
Title: Director, Trademarks & Copyrights

BINGHAM MCCUTCHEN LLP

By: *[signature]*
Beth H. Parker
Three Embarcadero Center
San Francisco, CA 94111-4067

JAMES C. KASEY

By: *[signature]* James C Kasey

IT IS SO ORDERED.

Dated: 9-12-06

again on 11-8-06 after pro se defendant consented to Magistrate Judge jurisdiction

/s/ Wayne D. Brazil
───────────────────────
Hon. Wayne D. Brazil
U.S. District Court Magistrate Judge

NY02:544959.2   7   Civil Action No. SACV 03-1777

CONSENT JUDGMENT